[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision — Supplemental
By memorandum of decision dated November 3, 1997 (entered by the court on November 5, 1997), this court ruled upon motions made by the defendant after a jury verdict in favor of the `plaintiff. The defendants' motion to set aside the verdict and motion for judgment in accordance with the defendants' motion for a directed verdict were both denied. The decision on those motions are hereby reaffirmed.
The defendant had also moved for a remittitur in the amount of $21,220 (against the jury's verdict on the First Count in the amount of $26,500) which the court granted. The court now revisits and revises that decision after reargument.
After oral argument on the plaintiff's motion to reargue, and a review of relevant portions of the transcript, it is clear to the court that the jury could reasonably have found that the defendant was obligated to contribute an amount equal to ten percent of her $40,000 salary (as distinguished from her salary paid under the employment agreement), that she had not waived this compensation (as she had, for certain years, her employment agreement salary for purposes of the Plan), and that the defendant failed to pay the required sum of $4,000 to the Plan. Thus, the jury could reasonably have awarded the plaintiff this sum of $4,000.
However, there was no credible evidence of damages resulting from the defendants' failure to fund the pension and profit sharing plans on the theory that had the Plans not been CT Page 9771 terminated, the plaintiff would have reaped additional profits. As noted in the court's original memorandum of decision, such evidence was speculative, insufficient and unsubstantiated and could not have formed the basis of a reasonable jury verdict in the amount of $26,500 on the First Count. Because of the absence of such damage evidence, the amount of $26,500 shocks the sense of justice as to what is reasonable and the court can only conclude that the jury was misguided in reaching its decision.Malnberg v. Lopez, 208 Conn. 765, 679-80, 546 A.2d 264 (1988).
For the foregoing reasons, the court finds the verdict for the plaintiff on the First Count to be excessive as a matter of law, and therefore, because the jury could reasonably have found damages in the amount of $9,280 ($5,280 plus $4,000)[1], orders a remittitur in the amount of $17,220, and upon failure of the plaintiff to remit said amount, the verdict is set aside and a new trial is ordered.
So Ordered.
D'Andrea, J.